# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| M. K-N, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-1123 (ABJ) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiffs Kristy Kennedy, Virginia Noce, and their minor daughter, M.K-N., filed this case against defendant District of Columbia, seeking judicial review of a May 14, 2012 administrative due process hearing decision ("HOD"). Plaintiffs had filed a due process complaint against the District of Columbia Public Schools ("DCPS"), alleging that DCPS violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (2012), by failing to offer M.K-N. a free appropriate public education ("FAPE"), and they requested that the hearing officer order DCPS to fund M.K-N.'s enrollment at the private school, the Lab School of Washington.

The hearing officer denied all of plaintiffs' IDEA claims except for one: she found that DCPS committed a procedural violation that amounted to a denial of a FAPE when it failed to conduct at Individualized Education Plan ("IEP") meeting when it was requested by M.K-N.'s parents. As a result, the hearing officer awarded plaintiffs partial reimbursement for M.K-N.'s Lab School tuition and ordered DCPS to pay half the cost of that tuition for the period of February 3, 2012 to March 20, 2012.

Plaintiffs appealed the HOD to this Court, arguing that the hearing officer erred in denying the majority of their IDEA claims and by limiting the reimbursement awarded as a result of their one successful claim. On July 10, 2012, this Court referred the case to a Magistrate Judge for full case management pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.3. Referral to Mag. Judge Order [Dkt. # 3]. The parties filed cross-motions for summary judgment, Pls.' Mot. for Summ. J. [Dkt. # 16]; Def.'s Cross-Mot. for Summ. J. [Dkt. # 18], and the Magistrate Judge issued an Amended Report and Recommendation on January 6, 2014.[1] Am. Report & Recommendation ("Am. R & R") [Dkt. # 32]. The Magistrate Judge recommended that the Court:

- Uphold the Hearing Officer's Determination that there was no substantive violation of IDEA in that the IEP and that the student's educational placement was consistent with the requirements of the statute.

- Uphold the Hearing Officer's Determination that there was a procedural violation of IDEA because DCPS significantly impeded the parents' opportunity to participate in the decision-making process regarding the provision of a FAPE to their child, and that the Parents are therefore entitled to reimbursement for the period of time of the violation.

- Extend the period of the violation. The Hearing Officer found that the violation lasted from the denial of the IEP meeting on February 3, 2012, to the Resolution Meeting on March 20, 2012. The Magistrate Judge recommended that the start date remain the same, and the end date be extended to the date the IEP meeting was ultimately held following the Hearing Officer's Decision on May 14, 2012.

- Reverse the Hearing Officer's Determination that the Parents should share the cost of tuition to the Lab School for the period of the procedural

---

1     The original Report and Recommendation was issued on December 20, 2013. Report & Recommendation [Dkt. # 29]. On January 6, 2014, the parties filed a joint notice of errors in the Report and Recommendation, pointing out clerical mistakes relating to the dates that certain events occurred. *See* Notice of Errors in Report & Recommendation [Dkt. # 30]. The clerical errors were fixed and the Amended Report and Recommendation was issued on January 6, 2014. *See* Am. R & R. Aside from the corrected dates, the two Report and Recommendations are identical.

> violation. The Magistrate Judge recommended that DCPS should be responsible for the entire cost of its violation.

*Id.* at 28.

Plaintiffs filed a timely written objection to the Amended Report and Recommendation, objecting only to the Magistrate Judge's recommendation that the reimbursement period end in May 2012. Pls.' Objection to Report & Recommendation ("Pls.' Object.") at 2 [Dkt. # 31]. Defendant responded to plaintiffs' sole objection, but it did not file any objections of its own. Def.'s Resp. to Pls.' Object. ("Def.'s Resp.") [Dkt. # 33]. As a result, the Court will adopt the uncontested portions of the Amended Report and Recommendation and will review only the question of whether the reimbursement period should be extended beyond the Magistrate Judge's recommended end date: the May 31, 2012 IEP meeting.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's recommended disposition, the Court reviews the Magistrate Judge's recommendation *de novo*. Fed. R. Civ. P. 72(b)(3); *see also Smith v. District of Columbia*, 846 F. Supp. 2d 197, 198–200 (D.D.C. 2012); *D.D. ex rel. Davis v. District of Columbia*, 470 F. Supp. 2d 1, 1 (D.D.C. 2007). The Court may "accept, reject, or modify" the Magistrate Judge's recommendation. Fed. R. Civ. P. 72(b)(3).

When reviewing an administrative decision made under the IDEA, a district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). The party challenging the decision bears the burden of proof and "must at least take on the burden of persuading the court that the hearing officer was wrong." *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 521 (D.C. Cir. 2005), quoting *Kerkam v. McKenzie*, 862 F.2d 884, 887

3

(D.C. Cir. 1989). Although this Court must give "due weight" to the hearing officer's determinations, *Board of Education of Hendrick Hudson Central School District v. Rowley*, 458 U.S. 176, 206 (1982), that decision receives less deference than conventional administrative decisions. *Kerkam*, 862 F.2d at 887.

## DISCUSSION

Neither party disputes that plaintiffs are entitled to reimbursement in light of DCPS's February 3, 2012 refusal to conduct an IEP meeting, which the hearing officer concluded – and the Magistrate Judge confirmed – amounted to a procedural violation that constituted a denial of a FAPE. Both parties also accept the Magistrate Judge's conclusion that plaintiffs are entitled to full reimbursement and that the reimbursement period should start on February 3, 2012. But they do not agree as to when the reimbursement period should end. *See generally* Pls.' Object.; Def.'s Resp.; Pls.' Reply to Def.'s Resp. ("Pls.' Reply") [Dkt. # 34]. Specifically, plaintiffs object to the Magistrate Judge's conclusion that the reimbursement period should terminate as of the May 31, 2012 IEP meeting because they contend that the May 31 meeting was not a valid IEP meeting. Pls.' Object. at 3–4. They argue that as a result, the denial of a FAPE was still ongoing after that date, and that instead of setting a specific end date, this Court should "order that The Lab School be considered M.K-N's educational placement as the second half of the 2011-2012 school year." *Id.* at 4–5 & n.4. The Court disagrees and finds that the use of May 31, 2012, as an end date is proper given the procedural posture of the dispute between the family and DCPS.

The validity of the May 31, 2012 IEP meeting is a matter in dispute and is beyond the scope of the litigation in this case. Indeed, while this action was pending, plaintiffs filed a separate due process complaint challenging, among other things, the validity of the May 31,

4

2012 IEP meeting, and the appeal of the resulting HOD is currently being litigated in a related case before this Court.[2] See *M.K-N. v. District of Columbia*, No. 13-cv-1133 (ABJ/AK). The parties have filed cross-motions for summary judgment in that case that address whether DCPS's actions at the May 31, 2012 IEP meeting constituted a violation of the IDEA and a denial of a FAPE. As a result, the question of whether the May 31, 2012 IEP meeting was valid is not only outside the scope of this case, but it is an unresolved issue in another pending case which will provide the avenue for plaintiffs to request the relief they seek if their claim succeeds. It is therefore inappropriate for the Court to address that matter as part of its judgment in this case.

## CONCLUSION

For the reasons stated above, the Court will adopt the Magistrate Judge's Amended Report and Recommendation in its entirety, and it will therefore grant in part and deny in part plaintiffs' motion for summary judgment as well as grant in part and deny in part defendant's motion for summary judgment. Defendant shall reimburse plaintiffs for the Lab School tuition that was paid for M.K-N. for the period between February 3, 2012 and May 31, 2012. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: February 10, 2014

---

2  The case is currently assigned to a Magistrate Judge for full case management pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.3. Order Referring Case to Mag. Judge, *M.K-N. v. District of Columbia*, No. 13-cv-1133 (ABJ/AK) [Dkt. # 3].

5